IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIDION MILLING, INC., and
JADE TRANSPORTATION, INC.,

          Plaintiffs,                          ORDER

    v.                                    21-cv-589-wmc

AMSTON SUPPLY, INC., and MAC
TRAILER MANUFACTURING, INC.,

          Defendants.

---

In this civil action, plaintiffs Didion Milling, Inc., and Jade Transportation, Inc., asserts claims of breach of contract and warranty against defendants Amston Supply, Inc. and MAC Trailer Manufacturing, Inc. for failure to provide trailers suitable for transporting food products. (Compl. (dkt. #1-1).) Invoking this court's diversity jurisdiction, defendant MAC Trailer Manufacturing subsequently removed the action under 28 U.S.C. §§ 1332, 1441 and 1446. (Not. of Removal (dkt. #1).) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, however, MAC Trailer Manufacturing must file an amended notice of removal containing the necessary allegations or face remand back to state court.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties *and* an amount in

1

controversy exceeding $75,000, *or* raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because of this, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, MAC contends in its notice of removal that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 1.) For the latter to be true, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. However, defendant's notice of removal completely fails to mention the citizenship of Amston Supply, Inc., which is also a defendant in this case. As such, the court needs to know the citizenship of both MAC Trailer Manufacturing and Amston Supply, Inc., in order to ensure that the court has diversity jurisdiction.[1] This is especially necessary since the complaint alleges that Amston is a Wisconsin corporation, which would destroy diversity. (Compl. (dkt. #1-1) ¶ 3.)

Before remanding this action for lack of subject matter jurisdiction, defendant MAC Trailer Manufacturing, Inc. will be given leave to file an amended notice of removal adequately alleging subject matter jurisdiction, including the citizenship of each defendant.

---

[1] In addition to complete diversity, a valid notice of removal must generally be consented to by all defendants. *See Wolf v. Kennelly*, 574 F.3d 406, 410 (7th Cir. 2009).

Failure of defendant to complete this process within 14 days will result in remand of this action back to state court.

ORDER

IT IS ORDERED that:

1) Defendant MAC Trailer Manufacturing, Inc., shall have until October 5, 2021, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 18 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 21st day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge